IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRACIE D. ERLANDSON and MATTHEW L. ERLANDSON, wife and husband, as Guardians Ad Litem for A.E., C.E., and S.E., minors,<br><br>       Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation,<br><br>       Defendant. | 08-CV-1137-BR<br><br>OPINION AND ORDER |

TRACIE D. ERLANDSON
MATTHEW L. ERLANDSON
18220 Indian Creek Drive
Lake Oswego, OR 97035
(503) 624-4968

      Plaintiffs, *Pro Se*

NANCY M. ERFLE

1 - OPINION AND ORDER

**CHRISTIANE R. FIFE**
Schwabe Williamson & Wyatt, PC
1600-1900 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204
(503)222-9981

      Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion (#20) for Leave to File Second Amended Complaint, Plaintiffs' Motion (#27) for Order Requiring Defendant to Adequately Answer Plaintiffs' First Set of Interrogatories, and Defendant's Motion (#29) to Exclude Matthew Erlandson as an Expert and Strike his Expert Affidavit.  For the following reasons the Court grants Plaintiffs' Motion for Leave to File Second Amended Complaint, denies Plaintiffs' Motion for Order Requiring Defendant to Adequately Answer Plaintiffs' First Set of Interrogatories, and denies as moot Defendant's Motion to Exclude Matthew Erlandson as an Expert and to Strike his Affidavit.

## PLAINTIFFS' MOTION (#20) FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs seek leave to file a Second Amended Complaint to allege their minor children suffered "physical harm and injury" as a result of the November 6, 2006, incident underlying this action.  Defendant opposes Plaintiffs' Motion on the ground that

before they filed their Motion, Plaintiffs repeatedly described the November 6, 2006, incident as one that did not involve any physical injuries and stated they sought only emotional-distress damages.

**I.   Local Rule 7.1**

Local Rule 7.1(a) provides in pertinent part

> (a)   Certification Requirements
>
>    (1)   . . . the first paragraph of every motion must certify that:
>
>       (A)   The parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so; or
>
>       (B)   The opposing party willfully refused to confer; or
>
>       (C)   The moving party or opposing party is a prisoner not represented by counsel.
>
>    (2)   The Court may deny any motion that fails to meet this certification requirement.
>
>    (3)   A party filing a motion should state "UNOPPOSED" in the caption if the other parties to the action do not oppose the motion.

Plaintiffs, however, did not attach a Rule 7.1 Certification to their Motion.  Although the Court may deny a party's motion for failure to comply with Local Rule 7.1, the Court declines to deny Plaintiffs' Motion for Leave to File a Second Amended Complaint on this basis because Plaintiffs are proceeding *pro se* in this

3 - OPINION AND ORDER

matter and it is in the interests of justice to move forward at this point.  Nevertheless, the Court expects in the future that Plaintiffs will comply fully with Local Rule 7.1 as well as other rules of practice that apply in this Court.  Accordingly, any future motions filed by Plaintiffs without prior conferral on the merits of the motion, together with the required Rule 7.1 certification, will be denied.

**II.  Merits**

Federal Rule of Civil Procedure 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment.  Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires."  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

As noted, Defendant opposes Plaintiffs' Motion on the ground that in the past Plaintiffs repeatedly described the November 6, 2006, incident as one that did not involve any physical injuries and stated they sought only emotional-distress damages.

The Court concludes the merits of Defendant's opposition is better addressed on a fully-developed record at summary judgment.  The Court applies the "justice so requires" standard liberally at this stage of the proceedings in light of the fact that Plaintiffs are unrepresented and should be allowed to explain

4 - OPINION AND ORDER

their earlier denials of physical injury in the context of a complete record at summary judgment.

Accordingly, the Court grants Plaintiffs' Motion for Leave to File a Second Amended Complaint.  Plaintiffs shall file their Second Amended Complaint no later than  May 4, 2009.

The Court recognizes the new allegations that Plaintiffs seek to include in their Second Amended Complaint may require Defendant to conduct additional discovery, including the reopening of depositions with which the Court expects Plaintiffs to cooperate.  Accordingly, the Court directs Defendant to advise the Court whether it will need additional discovery and to provide a schedule for additional discovery by May 11, 2009.

## PLAINTIFFS' MOTION (#27) FOR ORDER REQUIRING DEFENDANT TO ADEQUATELY ANSWER PLAINTIFFS' FIRST SET OF INTERROGATORIES

Plaintiffs move for an order requiring Defendant to adequately answer Plaintiffs' first set of interrogatories.

Plaintiffs again failed to include a Rule 7.1 certification with their Motion, and Defendant opposes the Motion on the ground that Plaintiffs failed to confer before filing their Motion in violation of Rule 7.1.  Nevertheless, Defendant provided the Court with substantive responses to Plaintiffs' specific issues.  The Court, therefore, concludes it is reasonable to address the merits of Plaintiffs' Motion despite their failure to confer.

5 - OPINION AND ORDER

The Court, however, reminds Plaintiffs that it expects them to comply with Local Rule 7.1 as well as other rules of practice that apply in this Court.

As to the merits of Plaintiffs' Motion, the Court finds Defendant has correctly analyzed the issues and agrees with Defendant's arguments and conclusions.  Because Defendant has agreed to amend certain of its answers to interrogatories to satisfy certain objections, the Court directs Defendant to provide Plaintiffs with such amended answers to interrogatories by May 4, 2009.  The Court otherwise denies Plaintiffs' Motion.

## DEFENDANT'S MOTION (#29) TO EXCLUDE MATTHEW ERLANDSON AS AN EXPERT AND STRIKE HIS EXPERT AFFIDAVIT

Defendant moves to exclude Matthew Erlandson as an expert in this action and to strike his Affidavit offered in support of Plaintiffs' Motions for Leave to Amend and to Compel on the ground that Matthew Erlandson is not qualified to offer expert opinion testimony under Federal Rule of Evidence 702.  The Court agrees with Defendant's general analysis, but notes it resolved Plaintiffs' Motions without considering Matthew Erlandson's submissions.

Accordingly, the Court denies Defendant's Motion as moot with leave to renew the Motion to the extent that Plaintiffs offer Matthew Erlandson as an expert in the future.

6 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court:

1. **GRANTS** Plaintiffs' Motion (#20) for Leave to File Second Amended Complaint to be filed no later than May 4, 2009, and **DIRECTS** Defendant to advise the Court whether it will need additional discovery and, if so, to provide the Court with a schedule for additional discovery by May 11, 2009;

2. **DENIES** Plaintiffs' Motion (#27) for Order Requiring Defendant to Adequately Answer Plaintiffs' First Set of Interrogatories and **DIRECTS** Defendant to provide Plaintiffs with its amended answers to interrogatories by May 4, 2009; and

3. **DENIES as moot** Defendant's Motion (#29) to Exclude Matthew Erlandson as an Expert and Strike his Expert Affidavit with leave to renew the Motion to the extent that Plaintiffs offer Matthew Erlandson as an expert as in the future.

IT IS SO ORDERED.

DATED this 21st day of April, 2009.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge